In the Matter of EMANUEL H. PAVSNER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 4, 1975.

*John G. Bonomi* of counsel (*Morris Gutt* with him on the brief), for petitioner.

No one appearing on behalf of respondent.

*Per Curiam.* Petitioner moves to confirm the report of the Referee sustaining charges of professional misconduct preferred against the respondent, who was admitted to practice in the Second Judicial Department on December 16, 1959. It is charged, in essence, that (1) respondent has failed to either account for, or remit to a client the approximate amount of $136,000 representing proceeds of various insurance policies turned over to

respondent by the client for the purpose of depositing same in a bank in the State of California in order to realize a higher rate of interest than paid by banks in the State of New York; (2) respondent failed to notify said client that he was suspended on February 25, 1972, for a period of three years and until the further order of the court, effective April 26, 1972 (38 A D 2d 181), as required by section 603.14 of the rules of this court (22 NYCRR 603.14) ; (3) a draft in the amount of $8,811, payable to respondent as attorney and to two other clients of respondent, representing the proceeds of a judgment in favor of the clients, not indorsed by said clients, but bearing their purported indorsement, was deposited in respondent's account without authorization.

The respondent failed to file an answer to the charges, did not appear at the hearing scheduled by the Referee, and has submitted no papers in opposition to the instant application. The Referee in his findings notes that the respondent appears to have closed his office, removed his residence, and his present whereabouts are unknown. Respondent's inaction can only be construed as constituting an admission of the charges and an indifference to the consequences of an adverse determination (see *Matter of Schner*, 5 A D 2d 599, 600; *Matter of Germaise*, 44 A D 2d 80, 81).

The Referee's findings are fully supported by the evidence and his report is confirmed. The charges as established represent most serious professional misconduct and clearly demonstrate respondent's unfitness to practice law. Respondent should be disbarred, and it is so directed (see *Matter of Spata*, 34 A D 2d 63; *Matter of Leyton*, 30 A D 2d 152; *Matter of Turk*, 25 A D 2d 255).

KUPFERMAN, J. P., MURPHY, LUPIANO, TILZER and CAPOZZOLI, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York from the date of entry of the order herein.